UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA NUNNERY, | CASE NO. 2:26-cv-01392-LK |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |
| v. | |
| HOUSING AUTHORITY OF SNOHOMISH COUNTY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Alicia Nunnery's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. Dkt. No. 2. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

This matter arises out of Nunnery's concern that she may lose her Housing Choice Voucher administered by Defendant Housing Authority of Snohomish County ("HASCO"). Nunnery's complaint alleges that she informed HASCO in March 2024 that she has a disability and requested in writing to receive communications in large print as an accommodation under the Americans

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 1

with Disabilities Act ("ADA"). Dkt. No. 6 at 5. Although her complaint does not specifically state that HASCO has not complied with that request, she implies that is so by asking the Court to order HASCO to "[p]rovide large print as a reasonable accommodation in accordance with the [ADA]." *Id.* Her complaint also requests an order to "stop all talks and any other proceedings regarding the pre termination and termination of [her] Home Choice Voucher" and to "toll the statues of limitations regarding this matter pending the settlement offer made by the Washington State Human Rights Commission." *Id.*

Alongside her complaint, Nunnery filed this motion for a TRO. Dkt. No. 2. She states that HASCO "has taken steps" to terminate her housing voucher, which "will cause irreparable harm on or about April 7th, 2026[.]" *Id.* at 1. According to Nunnery, a HASCO employee named Jessica notified Nunnery on March 17, 2026 that a pretermination meeting had occurred, apparently without notice to Nunnery. *Id.* On March 31, 2026, Jessica instructed Nunnery to submit a "review packet" by April 7, 2026 " or "termination would occur," but Nunnery "has yet to receive an annual review packet in large print, the reasonable accommodation [that] was requested in March of 2024." *Id.*

Nunnery asks the Court to "[i]ssue an ex parte TRO enjoining Defendant . . . from enforcing or carrying out the termination of [her] Home Choice Voucher . . . until further order;" order HASCO "to appear and show cause at an expedited hearing on or before April 27th[,] 2026 why a preliminary injunction should[d] not issue;" "[s]et an expedited briefing schedule and permit [her] to file a supporting declaration and exhibits;" and "[g]rant such other relief as the Court deems just and proper." *Id.* at 2.

## II.   DISCUSSION

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because Nunnery brings claim under the ADA and the federal Fair Housing Act. Dkt. No. 6 at 3.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 2

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The Court may issue a temporary restraining order without notice to the adverse party *only if* two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Nunnery knows she is required to give notice, but she did not. She states in her motion that she "certifies that notice to Defendant was attempted, but then stopped, after realizing that notice can not be given without defeating the purpose of the TRO because of the imminent eviction/termination and loss of property." Dkt. No. 2 at 1. Even assuming without deciding that (1) Nunnery's allegations have stated a claim upon which relief can be granted and that (2) she has satisfied the first condition, she did not meet the second of these conditions. *See generally* Dkt. Nos. 2, 6. Even if Nunnery believes that she requires urgent relief, she has not explained why she did not or could not provide contemporaneous notice.

And "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied," then "the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Nunnery's filings do not show that she has served the motion on HASCO before or contemporaneously with the filing of this motion, so the Court denies the motion for a TRO based on the lack of notice.

In addition, Federal Rule of Civil Procedure 65 empowers the court to issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Because Nunnery has not provided notice, the Court will not require HASCO to show cause why a preliminary injunction should not issue.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 3

Nunnery's delay in bringing this action also undermines her request for emergency relief on an ex parte basis. She states in her motion that HASCO notified her on March 31 that the review packet was due on April 7 "or termination would occur," but she waited until April 14 (after the deadline) to file this motion. Dkt. No. 2 at 1; Dkt. No. 1-5 at 1.[1] "Parties facing the threat of immediate and irreparable harm generally seek a temporary restraining order as quickly as possible." *Lee v. Haj*, No. 1:16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny temporary relief based on delays of as little as ten days. *See, e.g.*, *Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (one-month delay); *Altman v. Cnty. of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (N.D. Cal. Apr. 10, 2020) (ten-day delay). Nunnery's delay also creates uncertainty around whether this matter is now moot because the April 7 deadline has passed. Dkt. No. 2 at 1. Finally, Nunnery notes that the Washington State Human Rights Commission has made a settlement offer. Dkt. No. 6 at 5. Although Nunnery does not elaborate on the offer, presumably a settlement could have mooted this matter or alleviated the harm Nunnery fears. In sum, in light of these uncertainties and Nunnery's delay in filing this motion, the Court finds that she is not entitled to emergency relief, let alone without notice to HASCO.

### III.  CONCLUSION

For the reasons explained above, the Court DENIES Nunnery's motion for a temporary restraining order and preliminary injunction. Dkt. No. 2.

Dated this 27th day of April, 2026.

Lauren King
United States District Judge

---

[1] Due to a clerical oversight in the Clerk's office, Nunnery's filings were not docketed until April 24, 2026.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 4